NO. 07-00-0278-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 16, 2001

_____

IN THE INTEREST OF ASHLEY CABALLERO, A CHILD

_____

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 15289; HONORABLE KELLY G. MOORE, JUDGE

_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

ON MOTION FOR REHEARING

In his motion for rehearing, appellant argues that our original opinion had the effect of excising one of the elements the Department of Protective and Regulatory Services (the Department) must establish when seeking to terminate parental rights under section 161.001(Q) of the Texas Family Code (the Code). Disagreeing with that contention, we remain convinced that our original decision was correct.

Section 161.001(1)(Q) provides that a court may order the termination of parental rights if it finds by clear and convincing evidence that the parent "knowingly engaged in criminal conduct that has resulted in the parent's: (i) conviction of an offense; and (ii) confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition." At trial, appellant failed to produce any evidence that anyone would care for Ashley during his confinement. On appeal, appellant argued that the Department failed to prove inability to care for the child because it did not disprove that his mother or former fiancee could care for Ashley. Rejecting that argument, we wrote:

> The better reasoned rule is that once the Department has established a parent's knowing criminal conduct resulting in their incarceration for more than two years, the parent must produce some evidence as to how they would provide or arrange to provide care for the child during that period. When this burden of production is met, the Department would have the burden of persuasion that the arrangement would not satisfy the parent's duty to the child.

In his rehearing motion, appellant argues this holding abrogates one of the elements of the statute and relieves the Department from proving inability to care for the child. He also argues this holding results in termination being based in part on the Department's pleadings alone. Appellant is mistaken in this characterization of our holding.

When the Department proves by clear and convincing evidence that a parent knowingly commits criminal conduct and the conduct results in their incarceration for more than two years, the trial court can reasonably infer that the parent will be unable to provide personal care for the child. Consequently, such evidence establishes each of the elements

2

of section 161.001(1)(Q).[1]  Thus, our original holding does not in any way eliminate an element of the statute.  Indeed, we wrote to clarify that the addition of subsection (1)(Q) to section 161.001 did not abrogate the longstanding rule that termination of parental rights cannot be based on imprisonment alone.

Appellant argues that our holding violates the rules of statutory construction by failing to apply the plain meaning of the text.  However, assuming arguendo that our consideration of the statute was strictly limited to its language, we would be forced to ignore the line of cases holding incarceration alone does not support termination of parental rights.  Thus, because the statute speaks in terms of the "parent's . . . inability to care for the child" and not their ability to provide for or arrange care for the child, we would be constrained to conclude that trial courts would not be able to consider evidence that others would be able to care for the child during the parent's incarceration.  In our original opinion, we explicated why we found this construction, which was advocated by the Department, unpersuasive.

Finally, appellant argues that requiring the Department to first find others who might provide care for the child, and then, to disprove their capacity as potential caregivers, is not an unreasonable burden because the Department could obtain such information through discovery or direct questioning of the parent.  However, to do so would be to make the very type of statutory addition appellant argues is improper.  We are convinced our original holding outlines a procedure by which the Department must establish each element

---

[1]Here, however, the Department went further and elicited testimony from appellant that he knew he could not care for Ashley while he was in prison.

required for termination by the statute while at the same time preserving the longstanding rule that termination of parental rights may not be based on imprisonment alone.

Appellant's motion for rehearing is overruled.

John T. Boyd
Chief Justice

Publish.